Battle, J.
 

 The opinion given by the Judge in the Court below is fully sustained by the cases
 
 McMillan
 
 v.
 
 Hafley, 2
 
 Cr. L. Rp. 89 and
 
 Davis
 
 v. Evans, 5 Ire. Rp.
 
 525,
 
 cited by the plaintiff’s counsel. In the first of these cases, the defendant claimed from the defendant in the execution, under which the plaintiff purchased, and committed the trespass complained of, between the time of the sheriff’s sale and his execution of a deed to the plaintiff. The Court held,
 
 *507
 
 that as the plaintiff was not in actual possession and had no title in law, at the time of the commission oí the trespass, he could not be considered as having a constructive possession, and consequently could not maintain the action. It is true that the correctness of this decision was doubted by Hbxdekson, Chief Justice, in
 
 Davidson
 
 v.
 
 Frew,
 
 3 Dev. Rep. 3, but he expressly declined to overrule it. The cases of
 
 Davidson
 
 v.
 
 Frew, Picket
 
 v.
 
 Picket,
 
 3 Dev. Rep. 6 and
 
 Dobson
 
 v.
 
 Murphy,
 
 1 Dev. and Bat. Rep. 586, referred to and relied upon by the defendant’s counsel, all shew that a sheriff’s deed,awhen fairly executed at any time after the sale, has relation to it and operates to pass the title from that time. But in neither of them is it held, that this relation will have the effect of giving the purchaser such a constructive possession, as will enable him to maintain the action of trespass for an act committed before he has taken actual possession, or obtained a deed. And we may infer from the case of
 
 Davis
 
 v.
 
 Evans,
 
 5 Ired. Rep, 529, that such relation would certainly not be allowed to sustain an action com-, menced before the deed was executed. In that case, which was an action of ejectment, it was said expressly, that “ whatever relation to the time of the sale a conveyance.from the sheriff may have for some purposes, it cannot be carried to the unreasonable extreme of proving the title in an action, that was brought before the deed was executed.”
 

 If that be so in the action of ejectment which is founded on title, it is certainly so in the action of trespass, which is founded on possession; and the same principle will apply
 
 e converso,
 
 when the purchaser is sued for a trespass and pleads not guilty or
 
 liberum tenementum,
 
 before he has taken the deed. It cannot have the effect to put him into constructive possession, by relation, so as to enable him to support his plea. The judgment must be affirmed.
 

 Pbr Curiam. Judgment affirmed.